NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 10 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10284 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-00389-WHO-2 |
| v. | |
| | MEMORANDUM[*] |
| ADRIAN JEMISON, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Northern California
William Horsley Orrick, III, District Judge, Presiding

Argued and Submitted July 5, 2016
San Francisco, California

Before: SILVERMAN and NGUYEN, Circuit Judges, and GARBIS, Senior
District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Marvin J. Garbis, Senior United States District Judge for the District of Maryland, sitting by designation.

Adrian Jemison was convicted of being a felon in possession of a firearm and ammunition on November 8, 2013 in violation of 18 U.S.C. § 922(g). He was sentenced to 41 months of incarceration, the low end of the Guidelines range determined by the trial court. He appeals from his conviction and from his sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Jemison asserts that the district court erred in two evidentiary rulings. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *See United States v. Santini*, 656 F.3d 1075, 1077 (9th Cir. 2011) (per curiam).

The undercover officer testified that he recognized Jemison at trial saying "I purchased a firearm from him on November 8th. And he's seated in the Court today." Jemison contends that this was a statement of opinion that should have been stricken as an inadmissable opinion pursuant to Fed. R. Evid. 701. However, the testimony is no more than a purported first-hand account of what the witness claimed he did and saw, based on his own knowledge and perception. This is not opinion testimony, and there was no error in the court's declining to strike it. Even if it were an error, it would not require reversal because it is more likely than not that it "did not materially affect the verdict." *United States v. Gonzalez-Flores*,

418 F.3d 1093, 1099 (9th Cir. 2005) (quoting *United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir. 1997) (en banc)).

The trial court admitted testimony of Jemison's presence at an October 31, 2013 transaction at which the undercover officer purchased a box with unidentified contents from the person who participated with Jemison in the November 8, 2013 transaction. This testimony was appropriately limited and did not disclose that the item sold was a firearm. The court's allowance of the testimony was not an abuse of discretion. Even if there were error, any error would have been harmless.

In the prosecutor's final argument, she stated:

> Now, I also want to point out that the Jury Instructions say you do not need to agree on the type of possession. You do not need to agree on whether he possessed the shells or the shotgun. You must simply agree that he possessed one of the two prohibited items. You have to agree, yes, he possessed either the shotgun or the shells, but it doesn't matter which.

Appellant's R. 40.

Although Jemison's counsel did not raise an objection at trial, Jemison contends that the district court erred because it did not *sua sponte* provide a specific unanimity instruction to counteract potential jury confusion caused by the statement.

3

We review the district court's decision for an abuse of discretion, *see United States v. Tam*, 240 F.3d 797, 802 (9th Cir. 2001), and for plain error, *United States v. Brown*, 327 F.3d 867, 871 (9th Cir. 2003) (citations omitted).

"Normally, a general instruction on the requirement of unanimity suffices to instruct the jury that they must be unanimous on whatever specifications form the basis of the guilty verdict." *United States v. Lapier*, 796 F.3d 1090, 1096 (9th Cir. 2015) (quoting *United States v. Payseno*, 782 F.2d 832, 835 (9th Cir. 1986)). If, however, "there is a genuine possibility of jury confusion or a possibility that a conviction may occur as the result of different jurors concluding that the defendant committed different acts," then a specific unanimity instruction is required. *Id.*

Jemison was charged with a single offense – being a felon in possession of a firearm or ammunition, in violation of 18 U.S.C. § 922(g)(1) – on a single date. The district court did not err by failing to provide a specific unanimity instruction as to which specific object constituted the item possessed. "[T]he jurors were free to convict on whichever evidence they believed supported [the defendant's] guilt beyond a reasonable doubt, even if they failed to reach agreement on which pieces of evidence were ultimately persuasive." *United States v. Ruiz*, 710 F.3d 1077, 1081 (9th Cir. 2013) (citing *Schad v. Arizona*, 501 U.S. 624, 631-32 (1991)).

4

Finally, Jemison asserts that the district court erred when it applied a four-level upward adjustment at sentencing for being engaged in the trafficking of firearms. We give "significant deference" to a district court's sentencing decision, reviewing for abuse of discretion. *United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012) (en banc), as amended. "[O]nly a procedurally erroneous or substantively unreasonable sentence will be set aside." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

Jemison, aware that the district court had before it hearsay statements establishing his participating in more than one firearm sale, declined the offer of an evidentiary hearing. The district court considered the evidence under the proper standard, ruled on all the objections, considered the relevant sentencing factors under 18 U.S.C. § 3553(a), heard arguments of counsel, properly calculated the Guidelines, and articulated the court's reasoning before sentencing. The finding that Jemison engaged in trafficking was not "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *See United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc). Accordingly, the district court did not err in applying the four-level upward adjustment at issue.

**AFFIRMED.**